IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ALLEN WILLIAMSON, D.O. and WIFE, KATHRYN WILLIAMSON, D.O., *Plaintiffs*, v. DAIICHI SANKYO, INC., d/b/a Daiichi Sankyo Pharma Development, Daiichi Sankyo Research Institute; f/k/a Daiichi Pharmaceutical Corporation, Sankyo Pharma, Inc., Daiichi Pharmaceuticals, Inc., Daiichi Medical Research, Inc., Daiichi Pharma Holdings, Inc.; DAIICHI SANKYO US HOLDINGS, INC., parent company of Daiichi Sankyo, Inc.; DAIICHI SANKYO CO., LTD., parent corporation of Daiichi Sankyo US Holdings, Inc. and/or Daiichi Sankyo, Inc.; f/k/a Sankyo Company, Ltd, Daiichi Pharmaceutical Company, Ltd.; FOREST LABORATORIES, LLC, FOREST PHARMACEUTICALS, INC.; FOREST RESEARCH INSTITUTE, INC.; SRINIVASA RAO KOTHAPALLI, M.D. *Defendants.* | Civil Action No. 1:16-cv-329  **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Daiichi Sankyo, Inc.; Daiichi Sankyo U.S. Holdings, Inc.; Forest Pharmaceuticals, Inc.; and Forest Research Institute, Inc. ("Removing Defendants") hereby file this Notice of Removal of this action from the District Court of Jefferson County Texas, where it was pending, to the United States District Court for the Eastern District of Texas, Beaumont Division.  As set forth below, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity among all

properly joined parties, and it is plain based on the face of the Petition that Plaintiffs demand more than $75,000 for their alleged injuries.  In support of this removal, Removing Defendants state as follows:

## I.     INTRODUCTION

1. On July 8, 2016, Plaintiffs Allen Williamson, D.O. and Kathryn Williamson, D.O. (collectively "Plaintiffs") initiated this action by filing this Complaint in the District Court of Jefferson County, Texas.  Plaintiffs filed suit against nonresident Defendants Daiichi Sankyo, Inc.; Daiichi Sankyo U.S. Holdings, Inc.; Daiichi Sankyo Company, Limited; Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., Forest Research Institute, Inc.; and Texas resident Srinivasa Rao Kothapalli, M.D. (hereinafter "Dr. Kothapalli).  The state-court action is Case number B-0198699.  Copies of all pleadings, processes, and orders in the state-court action are attached hereto as Exhibit A.  Plaintiffs' Petition alleges that, "[w]hile taking the recommended dosage of Benicar, Plaintiff [Allen Williamson] developed serious gastrointestinal injuries, including but not limited to severe intestinal and/or colonic disease manifestations including but not limited to sprue-like enteropthay, lymphocytic colitis, microscopic colitis, collagenous colitis, and/or intestinal malabsorption.  Petition at ¶ 4.4.  Removing Defendants deny Plaintiffs' allegations.

2. Plaintiffs' petition alleges in cursory fashion twelve product liability claims against the Removing Defendants and other pharmaceutical defendants, and although the petition names physician Dr. Kothapalli as a defendant, the only claims that could be alleged against a physician in Texas must be based on the Texas Medical Liability Act ("TMLA"), a claim that is not specifically alleged in Plaintiffs' petition.  Generalized allegations of liability are insufficient to state a claim under Texas law against a healthcare provider, and therefore the citizenship of

Dr. Kothapalli can be ignored for purposes of diversity jurisdiction. Moreover, courts have held that a plaintiff who alleges claims for failure to warn against a manufacturer cannot state a claim against a physician for alleged failure to obtain informed consent based on matters that plaintiff claims were not disclosed by the manufacturer. Accordingly, there is no viable claim under Texas law against the named physician who has been fraudulently joined. This Court also may sever the purported claims against Dr. Kothapalli because he is improperly and procedurally joined in an effort to manipulate federal subject-matter jurisdiction and prevent Removing Defendants from exercising their right to remove this action. As such, the claims against Dr. Kothapalli should be dismissed or severed pursuant to FRCP 21 and ignored for the purposes of the subject-matter jurisdiction analysis. *See, e.g.*, *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

3. This is one of many cases pending around the country involving personal injury allegations by plaintiffs who allegedly ingested an olmesartan medication (sold under the brand names Benicar, Benicar HCT, Azor, and Tribenzor). On April 3, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") concluded that centralization of federal product liability actions involving olmesartan before a single federal court was appropriate and issued an order establishing MDL No. 2606, *In re: Benicar (Olmesartan) Products Liability Litigation*, before the Honorable Robert B. Kugler of the United States District Court for the District of New Jersey. *In Re: Benicar (Olmesartan) Products Liability Litigation,* MDL No. 2606, Dkt. 121, 2015 U.S. Dist. LEXIS 44047 (J.P.M.L. Apr. 3, 2015). The JPML established MDL 2606 to oversee federal actions involving "allegations that taking Benicar or its sister drugs (Benicar HCT and Azor) may cause serious gastrointestinal injury. . ." *Id.* There are now more than 1,484 actions pending in the MDL, 1,483 of which have been served on at least one defendant.

4. Removing Defendants will notify the JPML of this action as required by the Rules of Procedure of the JPML and seek inclusion of this action in the MDL proceeding. *See Rules of Procedure of Judicial Panel on Multi-District Litigation*, 199 F.R.D. 425 (J.P.M.L. 2001). Removing Defendants also request that this action be stayed pending transfer to the MDL Court in order to conserve resources and avoid duplicative litigation.

5. Upon a finding of fraudulent joinder or severing the claims against Dr. Kothapalli there is complete diversity among the remaining parties, and it is clear that plaintiffs seeks more than $75,000. *See* Petition at 2. Jurisdiction & Venue. Accordingly, this Court has jurisdiction over all of the claims properly joined in this lawsuit.

## II.   GROUNDS FOR REMOVAL

6. This action is properly removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(a)(2). There is complete diversity of citizenship between all properly joined parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.   Removing Defendants Have Satisfied The Procedural Requirements for Removal**

7. Plaintiffs' Petition was served on the Removing Defendants Daiichi Sankyo, Inc. and Daiichi Sankyo U.S. Holdings, Inc. on July 14, 2016, and on Forest Pharmaceuticals, Inc. and Forest Research Institute, Inc. on July 15, 2016. Accordingly, pursuant to 28 U.S.C. §§ 1146(b)(1) and (b)(2)(B), this Notice of Removal was timely filed within 30 days of service. *See* 28 U.S.C. § 1446(b), *Murphy Bros. Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30 day time period under removal statute begins to run from date of formal service).

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81(c)(2), Removing Defendants attach hereto copies of all pleadings, processes, and orders in the state court action as Exhibit A.

9.      All Defendants that have been served have joined in this Removal, and the consent of Daiichi Sankyo Co., Ltd., and Forest Laboratories, LLC, which have not been served, is not necessary or required.  28 U.S.C. § 1446(b)(2)(A).

10.     Because Dr. Kothapalli has been fraudulently joined, consent to this removal is not required.  28 U.S.C. § 1441; *Ross v. CitiFinancial*, 344 F.3d 458, 462 (5th Cir. 2003).

11.     The United States District Court for the Eastern District of Texas is within the county in which the state court action was pending and thus this Court is a proper forum for this action pursuant to 28 U.S.C. § 124(a) and 1441(a).

12.     No properly joined and served defendant is a citizen of the State of Texas, the State where this action was brought.  *See* 28 U.S.C. § 1441(b).

13.     No previous application has been made for the relief requested herein.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Court for the District of Jefferson County, Texas.

15.     If any question arises regarding the propriety of the removal of this action, the Removing Defendants respectfully request the opportunity to present a brief and oral argument in support of the position that this case is removable.

**B.    Removal is Proper Because This Court Has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441**

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which there is complete diversity of citizenship between properly joined parties and the amount in controversy exceeds $75,000, exclusive of costs and interest.

### 1. Citizenship of the Parties

#### a) Defendants' Citizenship

17. Daiichi Sankyo, Inc. is, and was at the time Plaintiffs commenced this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey. Accordingly, for purposes of diversity jurisdiction, it is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

18. Daiichi Sankyo U.S. Holdings, Inc. is, and was at the time Plaintiffs commenced this action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey. Accordingly, for purposes of diversity jurisdiction, it is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

19. Daiichi Sankyo Company, Limited is, and was at the time Plaintiffs commenced this action, a corporation organized and existing under the laws of Japan with its principal place of business in Japan. Accordingly, for purposes of diversity jurisdiction, it is a citizen of Japan. 28 U.S.C. § 1332(c)(1). Daiichi Sankyo Company, Limited has not been served with this lawsuit as of this date.

20. Forest Laboratories, LLC, f/k/a Forest Laboratories, Inc. is, and was at the time Plaintiffs commenced this action, a Delaware company with its principal place of business in New Jersey. Forest Laboratories, LLC's sole member, is a Delaware company incorporated in Delaware. Accordingly, for purposes of diversity jurisdiction, Forest Laboratories, LLC is a citizen of Delaware. *See Onepoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); 28 U.S.C. § 1332(c)(1). ). Forest Laboratories, LLC, has not been served with this lawsuit as of this date.

21.     Forest Pharmaceuticals, Inc. is, and was at the time Plaintiffs commenced this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey.  *Bergman v. Forest Laboratories, Inc. et al.*, U.S. District Court for the Western District of Missouri, Case No. 2:14-cv-04325-NKL, Dkt No. 29, Order (Apr. 28, 2015) at 10 ("Forest Laboratories' principal place of business was located in New Jersey on November 4, 2014, at the time of filing of the petition."); *B.S. v. Forest Laboratories, Inc. et al.*, U.S. District Court for the Western District of Missouri, Case No. 2:15-cv-04002-NKL, Dkt No. 31, Order (Apr. 28, 2015) at 11-12  ("Forest Pharmaceuticals' principal place of business was located in New Jersey on November 26, 2014, at the time of filing of the petition."). Accordingly, for purposes of diversity jurisdiction, it is a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

22.     Forest Research Institute, Inc. is, and was at the time Plaintiffs commenced this action, a corporation organized and existing under the laws of the State of New Jersey. Accordingly, for purposes of diversity jurisdiction, it is a citizen of New Jersey. 28 U.S.C. § 1332(c)(1).

23.     According to the Petition, Defendant Srinivasa Rao Kothapalli, MD is a citizen of Port Arthur, Texas.  Petition at 3.C.  For the reasons set forth below, Dr. Kothapalli, was fraudulently joined to this action and thus his presence is disregarded for purposes of determining the propriety of removal.

24.     According to the Petition, Plaintiffs are citizens of Texas.  *See* Petition ¶ 3.1.

      **1.     Removal is Proper Because the Non-Diverse Defendants were Fraudulently Joined as There is No Basis for the Claims Against Them.**

25. The only viable claim against a doctor for health care liability in Texas is under the TMLA. Plaintiff's petition does not allege a claim under the TMLA and alleges causes of action against the defendants generally. There are no specific facts or claims alleged against Dr. Kothapalli and the petition is devoid of any particular facts relating to how the doctor's conduct in prescribing olmesartan medications or in treating the plaintiff allegedly fell below the standard of care. *Thomas Pikul v. Merck & Co.*, 2004 U.S. Dist. LEXIS 29499 (S.D. Tex. 2004) (finding physician fraudulently joined where insufficient facts alleged to state a claim under Texas law).

26. It is well-established that the presence of a non-diverse defendant is disregarded when there is "no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In light of the allegations of the Removing Defendants' alleged misrepresentations regarding the safety, fitness, and effectiveness of Olmesartan from Plaintiffs' physicians, the Complaint fails to adequately state a claim against the treating physicians. *See Chiles v. Am. Home Prods. Corp.*, No. 4:03-CV-802-A, slip op. at *4 (N.D. Tex. Sept. 26, 2003) (denying remand where plaintiffs alleged misrepresentation against a drug manufacturer that "negate[d] any possible liability of the physicians") (attached as Exhibit B); *see also Newton v. Wyeth, et al.*, No. 4:03-CV-776-A, 2003 WL 21747056, at *1–*2 (N.D. Tex. July 21, 2003) (holding same).

27. This is precisely the reasoning set forth by another federal court in denying remand when confronted with allegations, as in this action, whose "main tenor" was that a prescription medication "was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others." *In re Rezulin Prods. Liab. Litig.*, 2002 WL 31852826 (S.D.N.Y. Dec. 18, 2002). The court held that the physicians were fraudulently joined because:

8

> "In this context, an entirely conclusory allegation that the physicians failed to warn of the risks of Rezulin is insufficient. The pleadings shed no light on such matters as whether the defendant physicians allegedly failed to warn of concealed risks, known risks, or both, and how and when the physicians came to be aware of any such risks. Absent such information, plaintiffs cannot be said to have provided the defendant physicians adequate notice of the claims against them." *Id.*

28. Relying on similar reasoning, other courts have reached the same conclusion. *See, e.g., Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 763 (S.D. W. Va. 2003) (denying remand in action naming physician defendant where "gravamen of the malpractice case against [physician] is his failure to know what allegedly was deliberately hidden"); *Whatley v. Nastech Pharm. Co.*, No. 1:03cv162GR, slip op. at 5 (S.D. Miss. June 20, 2003) (attached as Exhibit C) (denying remand in action naming physicians; citing *Rezulin* with approval); *Welborn v. AstraZeneca Pharmaceuticals, LP*, No. 4:04CV191LN, slip op. at 4-5 (S.D. Miss. Jan. 28, 2005) (attached as Exhibit D) (denying remand despite presence of non-diverse doctor because "plaintiff has alleged throughout his complaint that the manufacturer/seller misrepresented to physicians . . . that the drug was safe and effective,. . . and failed to disclose the risks of the drug to physicians"); *Smith v. Bayer Corp.* (In re: Baycol Prods. Litig.), Case No. 02-139, MDL No. 1431, slip op. at 4 (D. Minn. May 24, 2002) (attached as Exhibit E) (ruling that pharmacy "cannot be held liable for failing to warn of unknown risks"); *Omobude v. Merck & Co., Inc. et al.*, No. 3:03CV528LN, slip op. at 5, 8 (S.D. Miss. Oct. 3, 2003) (attached as Exhibit F) (denying remand and reasoning that "where a plaintiff has specifically alleged facts from which one would necessarily infer that the defendant in question would not have known information otherwise alleged to have been misrepresented or concealed from him, . . . to sustain his pleading burden, the plaintiff would have to plead at least some facts tending to show why or how the defendant

9

knew or should have known of the information that has been misrepresented to or concealed from him."); *Brown et al. v. Bristol-Myers Squibb Co. et al.*, No. 4:02CV301LN, slip op. at 11-12 (S.D. Miss. Nov. 30, 2002) (attached as Exhibit G) (denying remand and reasoning that the allegation that plaintiff's doctor "did not fully disclose to her the specific risks associated" with the drug in question is "essentially meaningless" where the plaintiff "consistently and repeatedly allege[s] throughout the complaint that in the manufacturing defendants' aggressive marketing of Stadol, they failed to disclose all possible side effects associated with the use of Stadol, including, in particular, addiction, and specifically misrepresented the safety and effectiveness of Stadol"); *Porter et al. v. Merck & Co., Inc. et al.*, No. 4:03CV12LN, slip op. at 8 (S.D. Miss. June 17, 2003) (attached as Exhibit H) (denying remand and explaining that plaintiffs' "explicit, repeated and consistent charge that the manufacturer defendants concealed and misrepresented information about the subject drugs to physicians," coupled with the conclusory allegation that the doctors "knew or should have known, of the dangerous side effects of these medications," "strongly suggests to the court that the plaintiffs have sued the physicians only as a means of avoiding federal court."); *Flores v. Merck & Co., Inc*., No. C-03-362, slip op. at 2 (S.D. Tex. Mar. 15, 2004) (attached as Exhibit I) (denying remand where allegations against the physician were conclusory and where plaintiffs "claim[ed] that [the manufacturer] 'failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx ingestion'"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*., 2002 WL 34418423, at *3 (W.D. Wash. Nov. 27, 2002) (denying remand in PPA litigation where "the complaint alleges that the manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns and materials, and other methods. This allegation directly undermines and contradicts the idea that [the pharmacy] had knowledge or

reason to know of alleged defects"); *Louis v. Wyeth-Ayerst Pharms., Inc.*, No. 5:00CV102LN, slip op. at 4-5, 9 (S.D. Miss. Sept. 25, 2000) (attached as Exhibit J) (denying remand because pharmacy defendants lacked "knowledge or reason to know of any of the dangers associated with the product(s)").

29.     Where, as here, a plaintiff alleges that pharmaceutical manufacturers, "recklessly, falsely and/or deceptively represented or knowingly omitted, suppressed or concealed facts of such materiality regarding the safety and efficacy of [the drug] from prescribing physicians," the plaintiff "do[es] not come close to alleging that [the non-diverse doctor] proximately caused their injuries or that he knew or should have known of the risks of [the drug]." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (denying remand motion because non-diverse doctor was thus fraudulently joined).

30.     As such, there is no reasonable basis to support plaintiffs' claims against Dr. Kothapalli.  Plaintiffs' Petition fails to provide adequate notice of the claims asserted. Accordingly, the Dr. Kothpalli was fraudulently joined and his citizenship must be disregarded for the purposes of determining federal diversity jurisdiction.

**2.      Removal is Proper Because the Non-Diverse Defendant Was Improperly Joined and The Claims Against Them Should be Severed or Dropped.**

31.     This Court has authority to drop a non-diverse party whose claims are not necessary to the claims alleged against other diverse defendants.  *See DeGidio v. Centocor, Inc.*, No. 3:09-CV-721, 2009 WL 1867676, at *2 (N.D. Ohio June 29, 2009) (severing and remanding non-diverse healthcare defendants).  Dr. Kathapalli is neither a necessary nor indispensable party to the resolution of plaintiff's claims against the Removing Defendants or the other pharmaceutical defendants.  *See* FRCP 19.  Accordingly, the Court should sever and remand the

claims against the named physician to state court, so that the court can perfect diversity jurisdiction over the product liability claims against the Removing Defendants and other pharmaceutical defendants.

32. Federal Rule of Civil Procedure 21 states that "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Federal courts have applied Rule 21 to circumstances similar to those in this case, where plaintiffs have brought claims of product liability and alleged medical malpractice against both an out-of-state pharmaceutical or medical device manufacturer and in-state doctor or facility that treated the plaintiffs. *See, e.g., Varley v. Tampax, Inc.*, 855 F.2d 696 (10th Cir. 1989)(In action over death from toxic shock syndrome, the district court abused discretion by failing to sever and remand medical malpractice claims against in-state doctor and hospital in order to preserve diversity jurisdiction over claims against manufacturer.).

33. In determining whether to drop a non-diverse defendant under Rule 21, the Court must first determine whether, under Rule 19(a), a party is "necessary" to the case. *Id*. at *3. A party is necessary if "(1) complete relief cannot be given to existing parties in his absence; (2) disposition of his absence might impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." Fed. R. Civ. P. 19(a). If the Court finds that the party is "necessary" to the action, then it must evaluate the factors under Rule 19(b) regarding whether the party is "indispensable," by considering whether "(1) a judgment rendered in the party's absence would prejudice the available party; (2) such prejudice could be lessened or avoided; (3) a judgment rendered in the party's absence would be adequate; and (4) the plaintiff has an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b); *Degidio*, 2009 WL 1867676 at * 3. Unless the

12

in-state defendant is indispensable to plaintiffs' claims against the diverse defendants, the Court may sever and remand the claims of the in-state defendant in order to preserve diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time.").

34. In the present action, the Physician Defendant is not a necessary or indispensable party to this products liability action. As other courts have held, "the joinder of the malpractice claim[s] with the others" in a product liability action was improper and the claims against the Physician Defendant should be severed from those against the Pharmaceutical Defendants. *In re Rezulin Prods. Liab. Litig.*, No. MDL 1348, 00 Civ. 2843(LAK), 2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003).

35. Another federal district court, employing the doctrine of fraudulent misjoinder (sometimes referred to as, "procedural misjoinder"), severed and remanded the negligence and fraud claims against the non-diverse healthcare providers, while retaining federal jurisdiction over the products liability claims against the pharmaceutical defendant. *Stone v. Zimmer, Inc.*, Case No. 09-80252-CIV, 2009 WL 1809990, at *1 (S.D. Fla. June 25, 2009). The court reasoned that the plaintiff's claim against the plaintiff's doctor "sounds in medical malpractice, and would require evidence on medical care, treatment and services . . . ." *Id*. at *4. The court further reasoned and held that the plaintiff's claims against the defendant:

> [A]re product liability and general negligence claims based on alleged manufacturing and design defects, failure to properly warn and its alleged intentional misrepresentation of health risks associated with the Zimmer hip implant. These claims would require evidence on the development, manufacture and testing of [the plaintiff's] implant, along with evidence of [the defendant's] knowledge, warnings and representations regarding defective

> implants.  Any liability that may be found against [the defendant] or [plaintiff's doctor] would not be a basis for liability as to the other, and separate liability as to each could be found.
>
> \*     \*     \*
>
> The joinder of the malpractice claim . . . with the product liability claim against [the defendant] is thus inappropriate because these claims do not both involve common questions of law or fact and do not assert joint, several or alternative liability 'arising out of the same transaction, occurrence or series of transactions or occurrences.'

*Id*. (quoting Fed. R. Civ. P. 20(b)).  *Accord*, *Sires v. Eli Lilly & Co.*, No. 5:05-cv-117-JMH, slip op. at 7 (E.D. Ky. May 24, 2005) (attached as Exhibit K) (claims against the manufacturer "do not arise out of the same transaction or occurrence as the claims against" the health care provider defendants; denying remand); *In re Zyprexa Prods. Liab. Litig.*, No. MDL 1596, 04-CV-1615, 2004 WL 2812095, at *1-2 (E.D.N.Y. Dec. 3, 2004) (severing claims against physicians); *see also Lee v. Mann*, No. LE-424-1, 2000 WL 724046, at *2 (Va. Cir. Ct. Apr. 5, 2000) (claims against pharmaceutical manufacturer and physician "do not arise out of the 'same transaction or occurrence'"; granting motion for severance).

36. Here, as in the cases cited above, the claims against the Removing Defendants and the claims against the non-diverse defendant do not arise from "the same transaction or series of transactions."  The claims that the Removing Defendants allegedly failed to adequately test their product and concealed or suppressed information, are independent and distinct from the claims against Dr. Kothapalli.  Accordingly, "[t]he joinder of the malpractice claim . . . with the product liability claim[s] . . . [is] inappropriate." *See Stone*, 2009 WL 1809990, at *4.

37. Dr. Kothpalli is not necessary or indispensable parties to the resolution of the claims against the Removing Defendants. *See Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261 2010 WL 3984830 at * 4 (E.D. Va. Oct. 8, 2010) ("The resolution of . . . the allegation that [the

14

doctor] failed to follow-up on the decedent's complaints of leg pain that occurred after she began taking the [drug] likely [does] not result to a . . . determination of [the manufacturer's] liability."). The standard that will apply to the claims against Dr. Kathopalli is whether he, as a physician, acted below the standard of care for a treating physician in prescribing and treating plaintiff for certain conditions. These claims have no connection to the warnings or design of the product or whether a manufacturer and seller of a prescription product is liable for alleged injuries to an individual. Nor is Dr. Kathopalli a necessary party to the resolution of Plaintiffs' claims regarding the defect or adequacy of the warning against Removing Defendants, because he played no role in the design or the drafting of the FDA-approved warnings that accompanied the product.

38.  The presence of Dr. Kathopalli should be disregarded and the complete diversity among plaintiffs and the diverse Removing Defendants (the true targets of this action) should be recognized.  If the Court concludes that the resident defendant is not fraudulently joined because no claim has been alleged under the TMLA or there is no such claim based on the facts alleged, then it should find that the malpractice claims against the resident defendant were improperly joined and retain jurisdiction over the claims against Removing Defendants.

39.  Plaintiffs are not prejudiced by severance because they may seek complete relief on any purported medical malpractice claims against the resident defendant in state court, and on their claims against the Removing Defendants in this Court. These claims are based on different standards and alleged conduct that gives rise to the claims, and are not required to be joined together in the same lawsuit. *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5 (1990) (doctor and hospital were not necessary parties to claim against medical device manufacturer.). Likewise the resident defendant will not prejudiced, because in the unlikely event they are found to be liable

15

for damages, the severance and remand of the case will not prevent Plaintiffs from exercising their legal rights against the Removing Defendants. *See Dayton Ind. Sch. Dist. v. U.S. Mineral Prod. Co*., 906 F.2d 1059, 1067-68 (5th Cir. 1990).

WHEREFORE, Removing Defendants respectfully remove this action from the District Court for Jefferson County, Texas bearing Number B0198699, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  August 11, 2016			Respectfully submitted,

**BOWMAN AND BROOKE LLP**

By: *s/ Randall L. Christian*
 **RANDALL L. CHRISTIAN**
 Texas Bar No. 00783826
 randy.christian@bowmanandbrooke.com
 2901 Via Fortuna Drive, Suite 500
 Austin, Texas 78746
 Telephone (512) 874-3800
 Facsimile (512) 874-3801

And

 **SUSAN E. BURNETT**
 Texas Bar No. 20648050
 susan.burnett@bowmanandbrooke.com
 2901 Via Fortuna Drive, Suite 500
 Austin, Texas  78746
 Telephone (512) 874-3800
 Telecopier (512) 874-3801

**ATTORNEYS FOR DEFENDANTS DAIICHI SANKYO, INC., DAIICHI SANKYO U.S. HOLDINGS, INC., FOREST PHARMACEUTICALS, INC. AND FOREST RESEARCH INSTITUTE, INC.**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on the 11th day of August, 2016.


                                        *s/ Randall L. Christian*